UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL BARRO, BRAULIO HERNANDEZ, LUIS EDUARDO CHAR MATZ, and JUAN CARLOS CHAR ORTIZ, individually and on behalf of others similarly situated,

                              Plaintiffs,

-v-

CHOKDEE NYC INC. (d/b/a THAI TERMINAL), NUTTAWUT VEERAPORNPHIMON, PANTIPA VEERAPORNPHIMON, HAM DOE, and OAT DOE,

                              Defendants.

20 Civ. 9615 (PAE) (SN)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      On September 10, 2021, the parties submitted a proposed settlement agreement ("Agreement"), and a letter in support, Dkt. 59, in this Fair Labor Standards Act and New York Labor Law action. Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

      The Court has carefully reviewed the Agreement. Under the Agreement, defendant is to pay $90,000 in total. Plaintiffs' counsel, Michael Faillace & Associates, P.C., is to receive $30,000. *See* Agreement ¶¶ 3–4. The Agreement therefore allocates one-third of the settlement amount to plaintiffs' counsel as attorneys' fees and reimbursement for expenses. Unhelpfully, however, the

agreement does not specify (1) the portion of the remainder ($60,000) of the settlement fund to which each named plaintiff is entitled; (2) the means by which each plaintiff will receive that sum; or (3) given the plan for the defendant to pay the $90,000 across 40 monthly installments, how the monthly payments will be disbursed (i.e., pro rata to the four plaintiffs and counsel, or otherwise). There being four named plaintiffs, each with a different amount in alleged damages, *see* Dkt. 59-2, the parties must specify that allocation in order for the Court to determine whether the proposed settlement is "fair and reasonable."

In light of the deficiencies, the Court declines to approve the settlement. This ruling is without prejudice to the right of the parties to submit a revised, and more thorough, proposed settlement agreement. The parties are directed to do so by October 25, 2021

SO ORDERED.

                                                                                                  PAUL A. ENGELMAYER  
                                                                                                  United States District Judge

Dated: October 12, 2021  
       New York, New York