UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL BARRO, BRAULIO HERNANDEZ, LUIS
EDUARDO CHAR MATZ, and JUAN CARLOS CHAR
ORTIZ, individually and on behalf of others similarly
situated,

                                        Plaintiffs,

                    -v-

CHOKDEE NYC INC. (d/b/a THAI TERMINAL),
NUTTAWUT VEERAPORNPHIMON, PANTIPA
VEERAPORNPHIMON, HAM DOE, and OAT DOE,

                                        Defendants.

---

20 Civ. 9615 (PAE) (SN)

ORDER

PAUL A. ENGELMAYER, District Judge:

On September 10, 2021, the parties submitted a proposed settlement agreement and a letter in

support, Dkt. 59, in this Fair Labor Standards Act ("FLSA") and New York Labor Law action.  On

October 12, 2021, the Court declined to approve the proposed agreement given its failure to describe

how the settlement fund would be allocated amongst the four named plaintiffs.  Dkt. 61.  On

November 5, 2021, the parties submitted a revised settlement agreement ("Agreement") explaining

the allocation in detail.  Dkt. 67.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district

court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200

(2d Cir. 2015).  Rather, the parties must satisfy the Court that their agreement is "fair and

reasonable."  *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1

(S.D.N.Y. Oct. 7, 2015).  Further, "[t]he Court must . . . separately assess the reasonableness of

plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than

judicially determined."  *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y.

2013).

The Court has carefully reviewed the Agreement.  Under the Agreement, defendants are to pay $90,000 in total.  Plaintiffs' counsel is to receive $30,000.  *See* Agreement ¶¶ 3–4.  The Agreement therefore allocates one-third of the settlement amount to plaintiffs' counsel as attorneys' fees and reimbursement for expenses, which is common.  *See Trinidad v. Pret a Manger (UDS) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) ("[A]warding fees of 33% is common in this district.").  As to the portion of the settlement fund owed to plaintiffs ($60,000), each plaintiff is to receive a pro rata share of his total alleged damages in this case: Manuel Barrio is to receive 33.08% ($19,847.87), Braulio Hernandez is to receive 29.10% ($17,460), Luis Eduardo Char Matz is to receive 18.46% ($11,076.13), and Juan Carlos Char Ortiz is to receive 19.36% ($11,616.13).  *Id.* ¶ 3(b).  Defendants are to make an initial payment of $4,200, followed by 39 monthly installment payments of $2,200, and each payment is to be split amongst plaintiffs and their counsel as specified above.  *Id.* ¶ 3.  This allocation affords each plaintiff a fair portion of what he is owed.

Nothing else in the Agreement gives the Court pause.  The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA.  *See Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 177–81 (S.D.N.Y. 2015).  And, although the Agreement contains a non-disparagement provision, it includes the requisite "carve-out" for truthful statements about plaintiffs' experience litigating this case.  *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that "not all non-disparagement clauses are per se objectionable," but that "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case") (internal quotation marks and citation omitted).  Additionally, the release provision in the Agreement is not overbroad, as it is limited to wage-and-hour claims against defendants "relating specifically to the claims in the Litigation."

2

Agreement ¶ 7; *see Lazaro-Garcia*, 2015 WL 9162701, at *2 ("[A]ny release provision must be limited to the claims at issue in this action."). In sum, upon careful review of the Agreement, the Court is satisfied that the Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House*.

Accordingly, the Court approves the Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: November 9, 2021
      New York, New York

3